FILED
 2014 Jun-19  AM 08:31
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JENNIFER L. BRUNNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | **CIVIL ACTION NO.** |
| ) | **2:12-cv-2274-AKK** |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Plaintiff Jennifer L. Brunner ("Brunner") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

### I.  Procedural History

Brunner filed an application for Title II disability insurance benefits and Title XVI Supplemental Security Income on February 9, 2009, alleging a disability onset date of November 20, 2008, due to blood clots in her right leg and depression. (R. 18, 213). After the SSA denied Brunner's claim, she requested a hearing before an ALJ. (R. 95-

96).  The ALJ subsequently denied Brunner's claim, (R. 15-31), which became the final decision of the Commissioner when the Appeals Council refused to grant review.  (R. 1-6).  Brunner then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g).  Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *See* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence."  *See id*.  (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).  Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the

2

Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV.  The ALJ's Decision

In performing the five step analysis, the ALJ initially determined that Brunner had not engaged in substantial gainful activity since November 20, 2008, and, therefore, met Step One. (R. 20). Next, the ALJ found that Brunner satisfied Step Two because she suffered from the severe impairments of "protein S deficiency with recurrent deep vein thrombosis, emphysema, depression, panic disorder, pain disorder and rule out posttraumatic stress disorder." *Id*. The ALJ then proceeded to the next step and found that Brunner failed to satisfy Step Three because she "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments."[1] (R. 21). Although the ALJ answered Step Three in the negative,

---

[1] Relevant to this appeal, one of the listings at issue is Listing 12.06, which covers anxiety related disorders. *See* 20 C.F.R. pt. 404, subpart P, app. 1, § 12.06. As it relates to Listing 12.06, the ALJ found that Brunner's "mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listing[] 12.06." (R. 21). More specifically, the ALJ found Brunner did not meet the "paragraph B" criteria of Listing 12.06 because she had only a mild restriction in her activities of daily living; moderate difficulties in both social functioning and concentration, persistence and pace; and no extended episodes of

consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where she determined that Brunner

> has the residual functional capacity to perform light work as (defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb stairs and ramps but never climb ladders, ropes or scaffolds.  She can frequently balance, stoop and kneel and occasionally crouch and crawl.  She cannot have concentrated exposure to extreme heat, extreme cold, humidity, wetness or pulmonary irritants and should avoid work around hazardous conditions such as heights and moving machinery.  She is limited to repetitive, routine tasks.  Work place changes should be infrequent and introduced gradually.  She can perform work that needs little or no judgment and make simple, work-related decisions.  She can have occasional casual interaction with the public and occasionally interact with coworkers and supervisors.  She is able to sustain concentration and attention for two hours at one time with normal breaks throughout an eight-hour day.

(R. 23).  As of the date of the ALJ's decision, Brunner was 34 years old, and had past relevant work as a cashier, certified nursing assistant, fast food worker, laundry worker, and laborer, which was unskilled to semi-skilled and performed at the light to medium level of exertion.  *Id.*  In light of her RFC, the ALJ held that Brunner "is unable to perform any past relevant work."  *Id.*  Lastly, in Step Five, the ALJ considered Brunner's age, education, work experience, and RFC and determined "there are jobs that exist in significant numbers in the national economy [Brunner] can perform."  *Id.*  Therefore, the

---

decompensation.  (R. 21-22).  The ALJ also found Brunner did not meet the "paragraph C" criteria because there was "no medically documented evidence that [Brunner's] mental impairments result in a complete inability to function independently outside the area of the home."  (R. 22).

ALJ found that Brunner "has not been under a disability, as defined in the Social Security Act, from November 20, 2008, through the date of this decision." (R. 31).

## V.  Analysis

Brunner's only argument on appeal is that the ALJ did not adequately consider all of her mental impairments.  Doc. 9 at 5.  When a claimant has several impairments, the Commissioner "has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled."  *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991).  In the present case, a review of the ALJ's decision shows that the ALJ properly considered all of Brunner's impairments in combination.

Brunner first contends that the ALJ "made no findings on whether the diagnosed impairments of generalized anxiety disorder and panic disorder without agoraphobia constituted nonsevere impairments or even medically determinable impairments."  Doc. 9 at 5-6.  Brunner is simply mistaken about her panic disorder because the ALJ included it in the list of severe impairments he found at Step Two.  *See* (R. 20).  Likewise, Brunner's contentions regarding the anxiety disorder also miss the mark.  Although the ALJ did not explicitly find that the anxiety disorder constituted an impairment, she discussed Dr. Sally Gordon's diagnosis of generalized anxiety disorder in considering the medical evidence. (R. 27).  Significantly, the ALJ also considered Brunner's anxiety disorder at Step Three in finding Brunner did not meet Listing 12.06, which covers anxiety related disorders. (R. 21-22).  In conducting this analysis, the ALJ found that Brunner's "mental

impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 and 12.06." (R. 21). This finding alone is sufficient to establish that the ALJ considered Brunner's mental impairments in combination. *See Jones*, 941 F.2d at 1533 (ALJ's finding that the claimant "does not have 'an impairment *or combination of impairments* listed in, or medically equal to one [in the Listings]'" was sufficient evidence to show the ALJ had considered the combined effect of the impairments) (emphasis in original).

      Brunner also takes issue with the ALJ's failure to consider the diagnosis of a personality disorder by Brunner's consultative examiner, Dr. Jon Rogers. Doc. 9 at 7. Brunner asserts the ALJ "was not prepared to give any credence to the possibility of a personality disorder . . . , dismissing Dr. Rogers' insightful report essentially as bought by Plaintiff's counsel." *Id.* In making this contention, Brunner ignores that Dr. Rogers is not a treating source under the regulations. As the ALJ observed, Brunner "underwent the examination that formed the basis of the opinion in question not in an attempt to seek treatment for symptoms, but rather, through attorney referral and in connection with an attempt to generate evidence for the current appeal." (R. 29). The nature of Dr. Rogers' relationship with Brunner is relevant because the absence of a treating relationship is a significant factor in assessing the weight, if any, the ALJ should give to Dr. Rogers' opinions. As the regulations point out, the Commissioner "will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your medical need for treatment or evaluation, but solely on your need to

7

obtain a report in support of your claim for disability." 20 C.F.R. § 416.902. Because Dr. Rogers was not a treating physician, his opinion was not entitled to significant weight. *See* 20 C.F.R. § 416.927(c)(2) ("Generally, we give more weight to opinions from your treating sources . . . .").

Moreover, the ALJ also gave little weight to Dr. Rogers' evaluation because "his opinion simply is not consistent with, or supported by, the other evidence of record." (R. 29). *See* 20 C.F.R. § 416.927(c)(4) (ALJ must consider whether the doctor's opinion is consistent with the record as a whole in assessing its weight); *Bloodworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983) (ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion."). Instead, the ALJ gave significant weight to the opinions of Dr. Gordon, who did not diagnose a personality disorder, and indicated Brunner's mental impairments were not disabling. (R. 28-29, 298-301). Therefore, the court finds that substantial evidence supports the ALJ's reasonable decision to give little weight to Dr. Rogers' evaluation, including his diagnosis of a personality disorder.

Ultimately, based on this record, Brunner has failed to show that the ALJ did not consider all of her mental impairments in combination. The ALJ properly considered Brunner's panic disorder, and found it was a severe, but not disabling, impairment. The ALJ also properly considered the symptoms caused by Brunner's anxiety disorder, as evidenced by her determination that Brunner did not meet Listing 12.06. Finally, the ALJ properly rejected Dr. Rogers' diagnosis of a personality disorder because his

opinions were not consistent with, or supported by, other evidence of record, and also because he was not a treating source. Accordingly, because this court does not reweigh the evidence, the ALJ committed no reversible error.

### VI.  Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Brunner is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is affirmed. A separate order in accordance with the memorandum of decision will be entered.

Done this the 19th day of June, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE